1   Scott P. Shaw (SBN 223592)
    Morgan E. Pietz (SBN 260629)
2   MERCHANT & GOULD, LLP
    6700 S. Centinela Ave
3   Second Floor
    Los Angeles, California 90230
4   Tel.: (424) 600-4917
    Fax: (612) 332-9081
5   mpietz@merchantgould.com
    sshaw@merchantgould.com

6   Donald R. McPhail (*pro hac vice* forthcoming)
    MERCHANT & GOULD P.C.
7   1900 Duke St., Suite 600
    Alexandria, VA  22314
8   Tel.: (703) 518-4516
    Fax:  (612) 332-9081
9   dmcphail@merchantgould.com

10                  UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12  | CORETRONIC CORPORATION and | No. To Be Assigned |
    | OPTOMA TECHNOLOGY, INC., | |
13  | | **DECLARATORY JUDGMENT COMPLAINT** |
    | Plaintiffs, | |
14  | | JURY DEMAND |
    | v. | |
15  | | |
    | MAXELL, LTD., | |
16  | | |
    | Defendant. | |
17

18         Plaintiffs   Coretronic   Corporation   ("Coretronic")   and   Optoma   Technology,   Inc.
19  ("Optoma"), by and through their undersigned attorneys, hereby file this Declaratory Judgment
20  Complaint against Defendant Maxell, Ltd. ("Maxell"), and allege as follows:
21                              **NATURE OF THE ACTION**
22         A.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*,
23  and the United States Patent Act, 35 U.S.C. § 1, *et seq.* Coretronic and Optoma seek a declaratory
24  judgment that certain claims of U.S. Patent No. 8,075,142 ("the '142 Patent")[1] are not infringed
25  by the Optoma-branded products that Maxell has accused of infringement. Coretronic and Optoma
26
    _____
    [1] *See* Exh. 1.

    DECLARATORY JUDGMENT COMPLAINT - 1

also seek a declaratory judgment that certain claims of the '142 Patent are invalid under 35 U.S.C. § 101 *et seq.,* that the '142 Patent is unenforceable, and that Maxell does not own the '142 Patent. Coretronic and Optoma further seek a judgement that Maxell has engaged in patent misuse, has committed anticompetitive acts in violation of Section II of the Sherman Act, and has interfered with the economic relationship between Optoma and its customers.

## FACTUAL BACKGROUND

**A.    Optoma is a visual solutions provider.**

1.      Optoma is a visual solutions provider that has delivered stunning experiences to millions of people since 2000. Optoma has demonstrated its capabilities as a first-mover, innovator, and market leader and firmly established its position as the world's leading 4K UHD projector and DLP® brand.

2.      The Optoma-branded products distributed and sold by Optoma include multimedia projectors, interactive displays, software and hardware solutions to enhance display devices, and various accessories to be used with display devices.

3.      Coretronic is responsible for the design and manufacture of the Optoma-branded products. Coretronic has projectors such as the Optoma-branded products manufactured in countries in Asia, including the People's Republic of China, and then sells those projectors to customers involved in the commercial sale of such devices, including Optoma.

**B.    Maxell is presently suing Coretronic for patent infringement based on the sale of Optoma-branded projectors**

4.      On or about April 27, 2023, Maxell, through its counsel, sent a letter to Optoma. That letter asserted that certain Optoma-branded projectors "might benefit from a license to certain of Maxell's patents[,]" and went on to associate a number of Optoma-branded projectors with many of Maxell's patents, including the '142 Patent.

5.      On or about August 4, 2023, Optoma, through its counsel, sent a letter to Maxell's counsel that contained specific technical questions relating to Maxell's allegations of infringement,

including one that undermined Maxell's allegations of infringement of the '142 Patent.

6.      On or about December 12, 2023, Maxell and its outside counsel met with Coretronic and its outside counsel in Los Angeles, California. At the December 12 meeting, Coretronic pointed out and presented concrete evidence that the claims of many of Maxell's patents were not infringed by the Optoma-branded projectors and/or were invalid over the prior art, including the offer for sale of certain Optoma-branded projectors before the effective filing dates of certain Maxell patents.

7.      On or about February 19, 2024, Katherine Liang (a/k/a Liang Ying-hui), the General Counsel of Coretronic, sent an email to Takuya Shimizu of Maxell with a copy to Satoshi Nakayama of Maxell, both of whom, on information and belief, were present at the December 12 meeting. That email re-iterated Coretronic and Optoma's position that many of Maxell's patents were invalid over the prior art and included a spreadsheet as an attachment that specifically noted that the claims of the '142 Patent were anticipated by the offer for sale of the Optoma-branded HD72 model projector before the earliest effective filing date of the '142 Patent.

8.      On July 1, 2024, Maxell filed suit against Coretronic—but not Optoma—in the United States District Court for the Eastern District of Texas alleging infringement of seven (7) U.S. patents ("the EDTX action"). Maxell subsequently dropped its claims of infringement involving three (3) of the original seven (7) asserted patents. The EDTX action is not yet set for trial, but a pre-trial hearing is currently scheduled for March 24, 2026.

**C.      Maxell sends reports to Amazon.com alleging that certain Optoma-branded products infringe the claims of the '142 Patent.**

9.      On information and belief, between about January 4 and about January 7, 2026, Maxell, through its counsel, submitted at least four (4) reports ("the Reports") to Amazon.com regarding projectors being offered for sale through Amazon.com stores operated by Optoma and by SpaceBound, Inc ("SpaceBound"). Each of the Reports alleged that certain Optoma-branded projectors infringed the claims of the '142 Patent.

DECLARATORY JUDGMENT COMPLAINT - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

10.     Three of the Reports alleged that certain Optoma-branded projectors being sold and offered for sale on the SpaceBound store on the Amazon.com website infringe claims of the '142 Patent.

11.     A Report dated January 4, 2026, accused projectors having the following ASINs: B0DB67QBNQ, B0CMZKYSTC, B093671H6D, B0B4MCL4J5, B071JSL69W, B00APL6Z2G, B0BGVC11W6, B00ILGVVL2, B00CDNOU9O, B09GYVWDHS, B0FJK77M8X, B07FYTRFRN, B071P6KQZH, B07XFYRJ4K, B0090E23O8, B07FZ653NZ, B005C982P4, B084YH1L36, B0CMZKSW87, B0DZK6PFRJ, B07FZQCV77, B078SVRP61, B00T98WHTQ, B0CKXWQQNP, B0DGZ2FTJR, B0CF6FFVYS, B0FXY311MM, B08F8LDMHN, B0BGVGDB72, B079HH68M8, B0DB69J2Y8, B004NEUK5Y, B07KXQMVLZ, B084TS938Q, B00445PUKM, B07GY4G5N2, B00X95YJXC, B00Y4S5ZNG, B0FQT5P2WG, B004NEUKMC, B09XVNJNXT, B07GY8K2MR, B0FXY4VVRV, B09DP168PP, B07GY4T18M, B08TMBN4C5, B0041GTN84, B0B71GJFZM, B0FQT27VS6, and B00GJ27FJ2. A second Report dated January 4, 2026, accused projectors having the following ASINs: B0C6J5KWST, B0BKPV58ZW, and B0D3W9F8MG. A Report dated January 7, 2026, accused projectors having the following ASINs: B0D9HW1XVY, B0CKTJ134K, B0CRZDBD57, and B0DBRFSL87.

12.     A fourth Report alleged that certain Optoma-branded projectors being sold and offered for sale on the Optoma store on Amazon.com website infringe claims of the '142 Patent.

13.     The ASINs in the Reports correspond to the following models of Optoma-branded projectors: 4K400STX; GT3500HDR; HZ40HDR; LH150; LV130; ML1050STI; ML1080; ML1080ST; ML750i; PT110; S310e; S343; TH1020; TW610STI+; TX330; TX779; TX779P-3D; UHD35STX; UHD35X; UHD38RFBA; UHD38X; UHD50; UHD51A; UHD55; UHD60; UHL55; UHZ35; UHZ35ST; UHZ45; UHZ50; UHZ66; UHZ68; W312; W318ST; W319ST; W320UST; W330UST; W335; ZH350ST; ZH430UST; ZW350E; ZW350ST; UHZ50e; UHD65;

DECLARATORY JUDGMENT COMPLAINT - 4

W306st; W303; UHD52ALV; UHD30; ML1080UST; UHZ58L; SH360; UHD50X; TH1060; PH31; UHD35; PK32; and ML750.

**D.     Maxell sends an email to Optoma alleging that certain Optoma-branded projectors infringe claims 1, 3, and 4 of the '142 Patent.**

14.     On information and belief, on or about January 14, 2026, Satoshi Nakayama, a Senior Engineer at Maxell and, on information and belief, one of the Maxell representatives at the December 12 meeting, sent an email ("the January 14 email") to Steve Meiser, B2C Sales Director–Americas at Optoma. The January 14 email alleged that certain Optoma-branded projectors being sold and offered for sale on the Optoma store on the Amazon.com website infringe claims 1, 3, and 4 of the '142 Patent.

15.     The January 14 email accused Optoma-branded projectors having the following ASINs of infringing claims 1, 3, and 4 of the '142 Patent: B0C5BBCXRK, B0C6J5KWST, B08QDR99XD,     B0D3W9F8MG,     B0CVCD4LZ5,     B018WU80BU,     B0842QPR1Z, B0F79XT9Y1, B0C4KWSFBW, B0C9R2YS44, and B07GY4LPHM.

16.     The January 14 email included a claim chart purportedly comparing claims 1, 3, and 4 of the '142 Patent to one specific Optoma-branded projector – model GT2000HDR. That claim chart included a footnote listing other models of Optoma-branded projectors that were allegedly covered by the same claims.

17.     Among the Optoma-branded projectors listed in the footnote on the claim chart are at least ten (10) models which were offered for sale and/or sold prior to the earliest effective filing date of the '142 Patent.

**E.     Maxell knows, or at least should know, that the claims of the '142 Patent are invalid and not infringed by the Optoma-branded products.**

18.     As alleged above, on or about February 19, 2024, Katherine Liang (Liang Ying-hui), the General Counsel of Coretronic, sent an email to Takuya Shimizu of Maxell with a copy to Satoshi Nakayama of Maxell which included a spreadsheet that specifically noted that the claims

of the '142 Patent were anticipated by the offer for sale of the Optoma-branded HD72 model projector before the earliest effective filing date of the '142 Patent.

19.    Maxell therefore knows, or at least should know, that the claims of the '142 Patent are invalid under 35 U.S.C. § 102(a).

20.    As shown in the claim chart included with the January 14 email, the Optoma-branded projectors do not project "a portion of an image selectively fitted to" the screen onto which the image is projected as required by the claims of the '142 Patent.

21.    Maxell therefore knows, or at least should know, that the Optoma-branded projectors do not infringe claims 1, 3, and 4 of the '142 Patent.

**F.    Maxell knows, or at least should know, that Maxell does not own the '142 Patent.**

22.    On information and belief, Maxell does not own the '142 Patent.

23.    On or about April 27, 2017, the '142 Patent, *inter alia*, was purportedly assigned by Hitachi Maxell, Ltd. to a now-dissolved entity named Maxell, Ltd.

24.    Following that assignment, the now-dissolved Maxell, Ltd. attempted to enforce some of the patents that had been assigned to it against ZTE Corporation and Apple Inc. Both ZTE (in 2018) and Apple (in 2019) raised lack of standing as a defense.

25.    On or about April 28, 2021, the now-dissolved Maxell, Ltd. and another entity—Maxell Holdings, Ltd.—entered into an absorption-type merger. That absorption-type merger agreement stated that Maxell Holdings, Ltd. would be the "surviving company" and Maxell, Ltd. would be the "absorbed company" after the merger, which was to take effect on October 1, 2021.

26.    As the absorbed company, Maxell, Ltd. was "dissolved" and thus ceased to exist at 12:00:01 AM on October 1, 2021.   The surviving company—Maxell Holdings, Ltd.—was subsequently renamed Maxell, Ltd., the same name as the absorbed company, after that company was dissolved. The newly formed Maxell, Ltd. is the same company as the defendant referred to herein simply as Maxell.

27.     On October 21, 2021, three weeks later, the original and then-dissolved Maxell, Ltd. and the surviving Maxell Holdings, Ltd. (renamed as Maxell, Ltd.) executed a purported patent assignment attempting to assign the '142 Patent and other patents to Maxell Holdings, Ltd. The patent assignment from the dissolved Maxell, Ltd. to the surviving Maxell Holdings, Ltd. was supposedly "effective as of October 1, 2021"—*i.e.*, the day on which Maxell, Ltd. ceased to exist.[2] The patent assignment, however, does not bear any date or other indication showing when it was actually executed and, instead, includes *nunc pro tunc* provisions that attempt to make it retroactive back to sometime prior to 12:00:01AM on October 1, 2021.[3]

28.     During two separate Rule 30(b)(6) depositions in 2025 – in cases involving patents that share the identical chain of title with the '142 Patent – Maxell's corporate designee for standing issues (Mr. Tatsuya Yamamoto) admitted that the patent assignment did <u>not</u> transfer any rights until October 21, 2021, twenty days after the dissolved Maxell, Ltd. ceased to exist:

> Q: And [the transfer of the Asserted Patents] occurred
>
> on October 21, 2021?
>
> A: Correct.

And the meta-data for the patent assignment shows that the created date for the document was October 14, 2021 (thirteen days after the dissolved Maxell, Ltd. ceased to exist).

29.     The assignment to Maxell is therefore void.

## **PARTIES**

30.     Coretronic is a corporation duly organized and existing under the laws of the Republic of China and has a place of business at No. 11, Lixing Rd., Hsinchu Science Park, Hsinchu City 300094, Taiwan, R.O.C.

31.     Optoma is a corporation duly organized and existing under the laws of the State of California, is an indirect wholly owned subsidiary of Coretronic Corporation, and has a place of business at 47697 Westinghouse Drive, Fremont California 94539.

---

[2] *Id.*
[3] *Id.*

32.     Upon information and belief, Maxell is a Japanese corporation with a registered place of business at 1 Koizumi, Oyamazaki, Oyamazaki-cho, Otokuni-gun, Kyoto Japan. Upon information and belief, Maxell is the assignee and owner of the '988, '388, and '569 Patents.

## STANDING, JURISDICTION, AND VENUE

33.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the United States Patent Act, 35 U.S.C. § 1, *et seq.* This action also arises under the Patent Troll Prevention Act enacted by the state of Washington at RCW 19.350 prohibiting bad faith assertion of patent infringement, and RCW 19.86.020, the Washington State Consumer Protection Act.

34.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action and the Court would have subject matter jurisdiction over this action if Maxell initiated suit for patent infringement. This Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws.

35.     Further, Coretronic and Optoma have standing under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, because a substantial controversy exists between Coretronic and Optoma, on the one hand, and Maxell, on the other hand, which have adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment. Coretronic and Optoma have a real apprehension that they will face suit or other adverse action from Maxell regarding the '142 Patent in view of Maxell's January 2026 complaints to SpaceBound and Amazon, Maxell's January 14 email to Optoma, and Maxell's conduct of initiating suit alleging that Optoma-branded products infringe Maxell's patents. Declaratory relief is thus appropriate and necessary to establish that (i) the using, importation, sale, and offer for sale of Optoma-branded products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '142 Patent; and (ii) the claims of the '142 Patent are invalid under 35 U.S.C. § 101 *et. seq.*

36.     This Court has supplemental jurisdiction over Coretronic and Optoma's state claims under 28 U.S.C § 1367, because Coretronic and Optoma's state law claims arise out of the same case or controversy as their claims for which this Court has original jurisdiction.

37.     This Court has personal jurisdiction over Maxell in this action pursuant to due process and/or the California Long-Arm Statute, by virtue of a least the substantial business Maxell conducts in this District, directly and/or through intermediaries.

38.     Maxell's conduct includes but is not limited to: (i) having committed acts within the Northern District of California giving rise to this action and having established minimum contacts with this forum such that the exercise of jurisdiction over Maxell would not offend traditional notions of fair play and substantial justice, including sending the January 14 email to Optoma alleging that certain Optoma-branded products infringed the claims of the '142 Patent and having met with Coretronic and its outside counsel in December 2023 to discuss Maxell's allegations of infringement and a possible license to Maxell's patents; and (ii) having filed suits for alleged patent infringement in the Northern District of California, including *Maxell, Ltd. v. LG Electronics Inc. et al.*, Case No. 5-24-cv-04972 and *Maxell, Ltd. v. ASUSTeK Computer Inc., et al.*, Case No. 3-18-cv-01788.

39.     In addition, or in the alternative, this Court has personal jurisdiction over Maxell pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

40.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## COUNT I

### Declaratory Judgment of Non-Infringement of the '142 Patent

41.     Coretronic and Optoma repeat and reallege each of the proceeding paragraphs as if they are restated here and expressly incorporate them by reference.

42.     The '142 Patent contains eleven (11) claims, including independent claim 1.

43.     Claim 1 of the '142 Patent and every claim depending directly or indirectly from claim 1, including claims 3 and 4, include, *inter alia*, the requirement that the claimed apparatus projects "a portion of an image selectively fitted to" the screen onto which the image is projected.

44.     The Optoma-branded projectors that Maxell accuses of infringing the '142 Patent do not project "a portion of an image selectively fitted to" the screen onto which the image is projected as required by the claims of the '142 Patent.

45.     The manufacture, use, offer for sale, sale, and/or importation of the Optoma-branded projectors that Maxell accuses of infringing claims 1, 3, and 4 of the '142 Patent therefore did not infringe, do not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, claims 1, 3, and 4 of the '142 Patent because the accused projectors do not meet each and every limitation recited in claim 1.

46.     An actionable and justiciable case or controversy therefore exists between Coretronic and Optoma on the one hand and Maxell of the other hand regarding whether Optoma-branded projectors infringe claims 1, 3, or 4 of the '142 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of Optoma-branded projectors does not, did not, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '142 Patent. Optoma USA is entitled to judgment declaring that it has not infringed, is not infringing, and will not infringe the '142 Patent.

## COUNT II

### Declaratory Judgment of Invalidity of the '142 Patent

47.     Coretronic and Optoma repeat and reallege each of the proceeding paragraphs as if they are restated here and incorporate them by reference.

48.     On information and belief, one or more products that practice each and every limitation of at least the asserted claims of the '142 Patent was on the market, sold to and used by consumers, and publicly disclosed in the United States prior to the effective filing date of the '142

DECLARATORY JUDGMENT COMPLAINT - 10

Patent, and was on sale more than one year prior to the earliest effective priority date of the '142 Patent. For example, on information and belief, the Optoma-branded HD72 model projector—which Maxell has accused of infringement—was sold and offered for sale before the earliest effective filing date of the '142 Patent. Moreover, on information and belief, the Hitachi-branded CP-A100 model series of projectors manufactured by Hitachi Digital Media, a subsidiary of Hitachi Europe Ltd. and an affiliate of Maxell, were offered for sale at least as early as January 2008 at CES 2008.

49.     On information and belief, one or more patents or other printed publications, alone and/or in combination, disclosed each and every limitation of the claims of the '142 Patent prior to the earliest effective priority date of the '142 Patent.

50.     The claims of the '142 Patent are therefore anticipated under 35 U.S.C. § 102 and/or rendered obvious under 35 U.S.C. § 103.

51.     On information and belief, at least the asserted claims of the '142 Patent include one or more elements governed by 35 U.S.C. § 112(f) but the specification of the '142 Patent fails to disclose a corresponding structure. The claims of the '142 Patent are therefore invalid under 35 U.S.C. § 112.

52.     An actionable and justiciable case or controversy exists between Coretronic and Optoma on the one hand and Maxell on the other hand regarding the validity of the claims of the '142 Patent. Declaratory relief is thus appropriate and necessary to establish that the claims of the '142 Patent are invalid. Coretronic and Optoma are entitled to judgment declaring that the '142 Patent is invalid.

## COUNT III

### Patent Misuse

53.     Coretronic and Optoma repeat and reallege each of the proceeding paragraphs as if they are restated here and expressly incorporate them by reference.

DECLARATORY JUDGMENT COMPLAINT - 11

54.     On information and belief, Maxell knew, or at least should have known, that the claims of the '142 Patent were not and are not infringed by the Optoma-branded projectors that Maxell identified in the January 14 email and the Reports.

55.     Despite knowing that the claims of the '142 Patent were not and are not infringed by the Optoma-branded projectors that Maxell identified in the January 14 email and the Reports, Maxell nevertheless has sought to prevent the sale of those Optoma-branded projectors to the interested public.

56.     Maxell is therefore attempting to expand the claims of the '142 Patent beyond their legitimate scope.

57.     Because Maxell is asserting claims 1, 3, and 4 of the '142 Patent against Optoma-branded projectors which are not covered by those claims and pressuring third parties to cease selling those projectors, Maxell is "impermissibly broaden[ing] the 'physical or temporal scope' of the patent grant with anticompetitive effect."

58.     Maxell is therefore misusing the '142 Patent.

59.     Coretronic and Optoma have been and continue to be harmed by Maxell's misuse of the '142 Patent.

### COUNT IV

### Violation of Sherman Act, Section 2 – *Walker Process*

60.     Coretronic and Optoma repeat and reallege each of the proceeding paragraphs as if they are restated here and expressly incorporate them by reference.

61.     On information and belief, Maxell knew, or at least should have known, that the claims of the '142 Patent are not infringed by the Optoma-branded projectors that Maxell identified in the January 14 email and the Reports. Further, on information and belief, Maxell knew, or at least should have known, that the claims of the '142 Patent were not valid or enforceable at least due to the prior art offer for sale of the Hitachi-branded CP-A100 model series of projectors and

1    Hitachi's failure to disclose that offer for sale to the U.S. Patent & Trademark Office during

2    prosecution of the application from which the '142 Patent issued.

3         62.    Further, on information and belief, Maxell knows, or at least should know, that the

4    claims of the '142 Patent are not valid at least due to the prior art offer for sale of the Optoma-

5    branded HD72 model projector.

6         63.    Further, on information and belief, Maxell knows, or at least should know, that

7    Maxell does not own the '142 Patent.

8         64.    Despite knowing that the claims of the '142 Patent were not infringed by the

9    Optoma-branded projectors that Maxell identified in the January 14 email and the Reports and that

10   the claims of the '142 Patent are not valid or enforceable and that the '142 Patent is not even owned

11   by Maxell, Maxell nevertheless has sought to prevent the sale of those Optoma-branded projectors

12   to the interested public.

13        65.    Maxell is therefore attempting to reduce competition in the market for projectors.

14   On information and belief, Maxell's patent rights give Maxell significant power in this market.

15        66.    Coretronic and Optoma have been harmed and continue to be harmed by Maxell's

16   anticompetitive acts, including Maxell's attempt to reduce competition in the market for

17   projectors.

18                                   **COUNT V**

19       **Tortious Interference – Interference with Prospective Economic Advantage**

20        67.    Coretronic and Optoma repeat and reallege each of the proceeding paragraphs as if

21   they are restated here and expressly incorporate them by reference.

22        68.    On information and belief, Optoma and its current and potential customers were in

23   an economic relationship that probably would have resulted in an economic benefit to Optoma and

24   Coretronic.

25        69.    Maxell knew, or at least should have known, of the economic relationship between

26   Optoma and its current and potential customers.

DECLARATORY JUDGMENT COMPLAINT - 13

70.     Maxell has engaged in wrongful conduct, including, but not limited to, asserting the '142 Patent against Optoma-branded projectors despite knowing that those projectors do not infringe the claims of the '142 Patent and that the claims of the '142 Patent are invalid and unenforceable and that Maxell does not own the '142 Patent.

71.     By engaging in this wrongful conduct, Maxell intended to disrupt the economic relationship between Optoma and its current and potential customers and/or knew that disruption of the economic relationship between Optoma and its current and potential customers was certain or substantially certain to occur.

72.     The economic relationship between Optoma and its current and potential customers has been and is being disrupted by Maxell's conduct.

73.     Coretronic and Optoma have been and continue to be harmed by the disruption of the economic relationship between Optoma and its current and potential customers resulting from Maxell's conduct.

74.     Maxell's conduct was and continues to be a substantial factor in causing harm to Coretronic and Optoma.

## COUNT VI

### Violation of Washington Unfair Business Practices and Bad Faith

### Assertions of Patent Infringement, RCW 19.86 and RCW 19.350

75.     Coretronic and Optoma repeat and reallege each of the proceeding paragraphs as if they are restated here and expressly incorporate them by reference.

76.     Maxell has made a pre-suit assertion of patent infringement in the State of Washington by sending the Reports to Amazon.com (including the ones forwarded to SpaceBound), which falsely and misleadingly stated that certain Optoma-branded projectors infringed the claims of the '142 Patent.

77.     These threats were made outside the context of the active litigation between Maxell and Coretronic in the U.S. District Court for the Eastern District of Texas.

DECLARATORY JUDGMENT COMPLAINT - 14

78.     Maxell's statements to Amazon.com alleging infringement of an invalid and unenforceable patent which is clearly not infringed and which Maxell does not even own are bad faith assertions of patent infringement and in violation of RCW 19.350 (the Patent Troll Prevention Act).

79.     Maxell's bad faith assertion of infringement imposed a significant burden on Coretronic and Optoma because Coretronic must now, yet again, expend resources to defend itself and its subsidiaries against meritless infringement allegations.

80.     The following non-exclusive factors enumerated under RCW 19.350 weigh in favor of a judicial finding that Maxell's threat of infringement against Optoma was made in bad faith:

(a) 19.350.020(2)(d): "The person threatens legal action that cannot legally be taken." As explained above, Maxell knew, or should have known, that the Optoma-branded projectors identified in the January 14 email and the Reports do not infringe claims 1, 3, and 4 of the '142 Patent and that the claims of the '142 Patent are invalid and unenforceable. Maxell also knew, or should have known, that it does not own the '142 Patent. Maxell cannot legally file suit against Optoma for infringement of an invalid, unenforceable U.S. patent whose claims are not infringed or for infringement of a patent that Maxell does not even own.

(b) 19.350.020(2)(f): "The person, or a subsidiary or an affiliate of the person, has previously filed or threatened to file one or more lawsuits based on the same or substantially equivalent assertion of patent infringement, and a court found the person's assertion to be without merit or found the assertion contains false, misleading, or deceptive information." As explained above, Maxell originally asserted some forty-seven (47) patents against Coretronic in 2023, but then filed suit against Coretronic in the U.S. District Court for the Eastern District of Texas in 2024 asserting the alleged infringement of only seven (7) of those and later withdrew its claims relating to three (3) of those patents during discovery.

81.     Maxell's violations of RCW 19.350 are an unfair and deceptive business practice in the conduct of trade or commerce, as declared unlawful and actionable per RCW 19.86.020. *See*

DECLARATORY JUDGMENT COMPLAINT - 15

RCW 19.86.093; *see also* RCW 19.350.030 (A violation of the Patent Troll Prevention Act "is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the consumer protection act, chapter 19.86 RCW.").

**PRAYER FOR RELIEF**

WHEREFORE, Coretronic and Optoma pray for the following relief:

B.      A judgment in favor of Coretronic and Optoma, and against Maxell, declaring that the manufacture, use, offer for sale, sale, and/or importation of Optoma-branded projectors has not infringed, does not infringe, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, claims 1, 3, or 4 of the '142 Patent;

C.      A judgment in favor of Coretronic and Optoma, and against Maxell, declaring that claims 1, 3, and 4 of the '142 Patent are invalid;

D.      A judgment in favor of Coretronic and Optoma, and against Maxell, declaring that all of the claims of the '142 Patent are unenforceable for failure to disclose relevant prior art to the U.S. Patent & Trademark Office with an intent to deceive;

E.      A judgment in favor of Coretronic and Optoma, and against Maxell, declaring that Maxell does not own the '142 Patent;

F.      A judgment in favor of Coretronic and Optoma, and against Maxell, holding that Maxell has engaged and/or is engaging in patent misuse and has harmed and is harming Coretronic and Optoma;

G.      A judgment in favor of Coretronic and Optoma, and against Maxell, that Maxell has engaged and/or is engaging in anticompetitive acts and has harmed and is harming Coretronic and Optoma;

H.      A judgment in favor of Coretronic and Optoma, and against Maxell, holding that Maxell has interfered and/or is interfering with the economic relationship between Optoma and its customers and potential customers and has harmed and is harming Coretronic and Optoma;

I.      A judgment in favor of Coretronic and Optoma, and against Maxell, holding that

DECLARATORY JUDGMENT COMPLAINT - 16

1   Maxell has violated RCW 19.86 and RCW 19.350;

2       J.      An award of all damages caused by Maxell's acts, including compensatory and

3   punitive damages and pre- and post-judgment interest, as provided by law;

4       K.      A declaration that Coretronic and Optoma are prevailing parties;

5       L.      An enhancement of Coretronic's damages and Optoma's damages as permitted by

6   law;

7       M.      An award of Coretronic's costs and Optoma's costs and reasonable attorneys' fees

8   as permitted by law; and

9       N.      Such other and further relief as this Court may deem just and equitable.

10                        **DEMAND FOR JURY TRIAL**

11          Pursuant to Federal Rule of Civil Procedure 38(b), Coretronic and Optoma demand a trial

12   by jury on all claims and issues so triable.

13          Dated: January 22, 2026.

14                                          Respectfully submitted,

15                                          MERCHANT & GOULD P.C.

16                                          */s/ Scott P. Shaw*

17                                          Morgan E. Pietz
                                            Scott P. Shaw
18                                          MERCHANT & GOULD, LLP
                                            6700 S. Centinela Ave, Second Floor
19                                          Los Angeles, California 90230
                                            Tel.: (424) 600-4917
20                                          Fax: (612) 332-9081
                                            *mpietz@merchantgould.com*
21                                          *sshaw@merchantgould.com*

22                                          Donald R. McPhail (*pro hac vice* forthcoming)
                                            MERCHANT & GOULD P.C.
23                                          1900 Duke St., Suite 600
                                            Alexandria, VA  22314
24                                          Tel.: (703) 518-4516
                                            Fax:  (612) 332-9081
25                                          *dmcphail@merchantgould.com*

26                                          *Attorneys for Plaintiffs Coretronic Corporation and*
                                            *Optoma Technology, Inc.*

DECLARATORY JUDGMENT COMPLAINT - 17

1

2

**CERTIFICATE OF SERVICE**

3        I hereby certify that on the date set forth below, I electronically filed the foregoing with

4    the Clerk of the Court using the CM/ECF system, which will send notification and serve such

5    filing on all counsel of record.

6        DATED:  January 22, 2026.

7

8                                                                                  /s/Scott P. Shaw

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26